■ In the Matter of PEOPLE OF THE STATE OF NEW YORK, by ELIOT SPITZER, as Attorney General of the State of New York, Appellant, v APOCA/STANDARD PARKING, INC., Doing Business as STANDARD PARKING, Respondent. [782 NYS2d 332]—

Appeal from an order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered August 8, 2003. The order dismissed the petition in a special proceeding pursuant to Executive Law § 63 (12).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating those parts of the first and second causes of action based upon the alleged violation of General Business Law § 601 (9) and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Petitioner commenced this special proceeding pursuant to Executive Law § 63 (12) seeking injunctive relief, restitution, and various other remedies based upon respondent's alleged violation of articles 22-A and 29-H of the General Business Law. Respondent thereafter moved to dismiss the petition and, in the alternative, sought disclosure (*see* CPLR 404 [a]; 408), and Supreme Court summarily dismissed the petition (*see* 409 [b]). We agree with petitioner that the court erred in summarily dismissing those parts of the first and second causes of action based upon respondent's alleged violation of General Business Law § 601 (9). That statute prohibits creditors from using "a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency, or attorney at law when it is not" (*id.*). In our view, there is a triable issue of fact whether the "parking notice" used to notify consumers of respondent's charges for parking without prepaying is a communication that "simulates in any manner" a City of Buffalo (City) "notice of parking violation," or gives the appearance of being authorized or issued by the City. Respondent's "parking notice" is identical to the City's "notice of parking violation" in size, shape, material, type of envelope, and format. While there are also some differences, the issue whether respondent's use of the form notice violates section 601 (9) is one of fact, not of law.

We therefore modify the order accordingly, and we remit the matter to Supreme Court to determine the alternative request for disclosure in respondent's motion. Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Lawton, JJ.